IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HENRY JOHNSON,
    Plaintiff,

vs.                              5:04cv225/SPM/MD

JACKSON COUNTY JAIL, et al.
    Defendants.

## ORDER

       This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. (Doc. 30).  Because the complaint still fails to state a claim against all of the named defendants, and the issue of administrative exhaustion is unclear, plaintiff will be afforded a final opportunity to amend.

       Plaintiff was a pre-trial detainee incarcerated at Jackson County Jail in April of 2003,[1] when the events giving rise to this complaint took place.  Named as defendants in this action are Officer Spencer, Inmate Edward Powell and the Jackson County Jail. Plaintiff contends that Officer Spencer and inmate Powell, acting in concert, assaulted him on April 13, 2003.  He called his brother on April 18, 2003, and on that date, another officer took plaintiff's statement and filed a report about the incident.  The plaintiff's brother contacted the sheriff's department and two detectives were sent to investigate the alleged battery.  Plaintiff does not indicate the results of the investigation, but stated that a week later he was placed in a single-person cell, which terrified him because it gave Officer Spencer the opportunity to harass him more.  He apparently remained at Jackson County

---

[1]The dates (years) listed in the complaint are inconsistent, but the court has deduced that the events in question all took place in 2003.

Jail until July 29, 2003,[2] when he was transferred to the Department of Corrections.  He seeks one million dollars in damages from each defendant, and states that he sues Jackson County Jail under the theory or respondeat superior.

In the section of the complaint form relating to grievances, plaintiff concedes that there was a grievance procedure at the jail where he was held.  He states that he did not file any administrative grievances because "shortly after the incident I was transferred to the Department of Corrections."  As noted above, plaintiff was at the institution for over three months after the incident.  Because it does appear from the complaint that jail officials were at least made aware of the incident if only via plaintiff's conversations with his brother, summary dismissal for failure to exhaust does not appear warranted.  This is not to say that dismissal on this basis would not be appropriate at a later time.  Because one of the purposes of requiring administrative exhaustion is to allow the institution an opportunity to resolve such matters before seeking judicial intervention, with his third amended complaint, plaintiff should file copies of any interview reports or investigative reports that would support his assertion that this was done.

As previously noted, In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

>   1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
>   2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), overruled on other grounds *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).  Although a prison inmate is generally not considered a state actor, a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d

---

[2] http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=4&From=list&SessionID=968662177.

Case No: 5:04cv225/SPM/MD

142 (1970).  It continues to appear from the facts as alleged that defendant Powell could be construed as a state actor, and that the actions of Powell and Spencer, as described, could rise to the level of a constitutional violation.

With respect to his claim against Jackson County Jail, plaintiff is advised that *respondeat superior*, without more, does not provide a basis for recovery under section 1983.  *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995).  "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne, 326* F.3d 1352 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001)*; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995);  *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991).  Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights.  *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995).   The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone, supra,* (quoting *Gonzalez v. Reno*, __ F.3d at __, 2003 WL 1481583, at *5 (quoting *Braddy v. Fla. Dept. of Labor & and Employment*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990);  *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985).  A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy.  *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's " 'custom or policy ... result[s] in deliberate indifference to constitutional rights' " or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (quoting *Gonzalez,* __ F.3d at __, 2003 WL 1481583, at *5 (quoting *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir.

1991))); *Hartley v. Parnell*, 193 F.3d 1263 (11th Cir. 1999); see also *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1560-61 (11th Cir. 1993). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone, supra,* (quoting *Gonzalez*, __ F.3d at __, 2003 WL 1481583, at *4 (internal quotation marks and citation omitted)). The jail, as an entity is not a proper defendant, and respondeat superior is not a proper theory of recovery as alleged in this case.

In amending, plaintiff must completely fill out a new civil rights complaint form, marking it "Third Amended Complaint." As previously advised, plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Furthermore, he should include only those factual allegations that directly involve or resulted from the acts of the named defendants. Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions, where relevant, in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. He should also delete superfluous allegations from the complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the third amended complaint must contain all of his allegations because once any amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the third amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint, except for copies of necessary administrative grievances. In this case, because plaintiff admits he has not filed any administrative

grievances, he should file copies of any papers he has proving that an interview and investigation into the incident were conducted.  The court will notify plaintiff when other memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983.  This case number and the words "Third Amended Complaint" should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file a third amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  Failure to submit a third amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 19th day of July, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**